Phillip Greer, Esquire 
Law Offices of Phillip Greer, Esquire
1300 Bristol Street North, Suite 100
Newport Beach, California 92660
(949) 640-8911

-and-

BAYARD, P.A.
Neil B. Glassman, Esq.
Charlene D. Davis, Esq.
Ashley B. Stitzer, Esq.
Scott G. Wilcox, Esq.
222 Delaware Avenue
Wilmington, Delaware 19899
(302) 655-5000
**Attorneys for Defendant Chriss W. Street**

FILED

MAY 0 9 2008

CLERK
United States Bankruptcy Court
San Jose, California

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re: | N.D. Cal. No. 08-00503 |
| FRUEHAUF TRAILER CORPORATION, et al., | **PENDING IN THE U.S BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE** |
| Debtors. | Chapter 11<br>Case Nos. 96-1563<br>through 96-1572 (PJW)<br>Jointly Administered |
| DANIEL W. HARROW, AS SUCCESSOR TRUSTEE OF THE END OF THE ROAD TRUST, AND AMERICAN TRAILER INDUSTRIES, INC., | |
| Plaintiffs, | Adv. Proc. No.: 07-50398-PJW |
| -against- | |
| CHRISS W. STREET, | |
| Defendant. | |

**DEFENDANT CHRISS W. STREET'S OBJECTION AND
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS
DANIEL W. HARROW AND AMERICAN TRAILER INDUSTRIES, INC.'S MOTION TO
QUASH THE YAHOO, INC. SUBPOENA
DUCES TECUM AND FOR COSTS AND FEES**

{00865966;v4}

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF PROCEEDING ............................................................................. 3

FACTUAL BACKGROUND ...................................................................................................... 4

    A. The Bankruptcy Case ............................................................................................ 4

    B. The Delaware Litigation ....................................................................................... 5

    C. AT&T Subpoena .................................................................................................... 7

    D. Yahoo Subpoena ................................................................................................... 8

ARGUMENT ............................................................................................................................. 11

    I. PLAINTIFFS LACK STANDING TO SEEK TO QUASH THE YAHOO SUBPOENA ............................................................................ 11

    II. THE YAHOO SUBPOENA IS NARROWLY TAILORED. ................... 12

    III. THE YAHOO SUBPOENA DOES NOT SEEK PRIVILEGED COMMUNICATIONS ...................................................... 13

    IV. PLAINTIFFS PRESENT NO EVIDENCE THAT RESPONSIVE DOCUMENTS MAY CONTAIN COMPETITIVELY SENSITIVE AND HIGHLY CONFIDENTIAL BUSINESS COMMUNICATIONS. ............................ 14

    V. THE ELECTRONIC STORED COMMUNICATIONS ACT DOES NOT SERVE AS A BASIS TO QUASH THE SUBPOENA ........................................................................................... 15

    VI. PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES OR COSTS ............................................................................... 15

CONCLUSION .......................................................................................................................... 17

## TABLE OF AUTHORITIES

Cases                                                                                                               Page

### Federal Cases

*Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) .................................................................... 9

### Cases

*Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979) .............................................................. 9

### Statutes

18 U.S.C. § 2701(a)(1) ................................................................................................... 13

## NATURE AND STAGE OF PROCEEDING

On March 24, 2008, Defendant Chriss W. Street ("Mr. Street") issued a subpoena duces tecum (the "Yahoo Subpoena") to Yahoo, Inc. ("Yahoo"). On March 31, 2008, Yahoo issued its objections to the Yahoo Subpoena. On April 11, 2008, Plaintiffs Daniel W. Harrow, as trustee of the The End of the Road Trust (the "Trust"), and American Trailer Industries, Inc. (collectively, the "Plaintiffs") filed the Motion to Quash Subpoena, and for Costs and Fees (the "Motion to Quash") and a memorandum of law in support thereof. A hearing on the Motion is scheduled on May 22, 2008, at 3:00 p.m. This is Mr. Street's Objection and Memorandum of Law in opposition to the Motion to Quash.

Mr. Street respectfully submits that the Motion to Quash should be denied for several reasons. First, Plaintiffs lack standing to challenge the Yahoo Subpoena. Second, the Yahoo Subpoena is narrowly tailored to seek only non-privileged documents relevant to the claims, defenses and counterclaims in the Delaware Litigation (defined below). Third, documents produced by Plaintiffs will be protected by the confidentiality agreements entered in the litigation between the parties in the Delaware and the Electronic Storage Communication Act does not prevent Mr. Street from obtaining documents from Yahoo. Finally, Plaintiffs' request for attorneys' fees and costs are without merit and should be denied. Accordingly, Mr. Street respectfully requests that the Court enter an order denying the Motion to Quash.

# FACTUAL BACKGROUND

## A. The Bankruptcy Case

On October 7, 1996, Fruehauf Trailer Corporation and certain of its direct and indirect subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court").

On or about July 28, 1998, the Debtors filed the Amended Joint Plan of Reorganization Dated July 28, 1998, as modified on September 17, 1998 (the "Plan").

On September 17, 1998, the Delaware Bankruptcy Court entered the Order and Judgment Confirming the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code and Granting Related Relief (the "Confirmation Order"), in which the Delaware Bankruptcy Court confirmed the Plan. The Plan became effective on October 27, 1998.

On October 27, 1998, the Debtors, the Indenture Trustee and Mr. Street entered into the Liquidating Trust Agreement thereby establishing The End of the Road Trust (the "Trust") pursuant to the Plan. Mr. Street and the Trust then entered into an employment agreement in which Mr. Street agreed to serve as trustee of the Trust. Mr. Street remained as trustee until his resignation became effective as of August 1, 2005, when was replaced by Daniel W. Harrow, the current trustee of the Trust (individually, "Mr. Harrow," and as trustee of the Trust, the "Trustee").[1]

On October 27, 1998, Mr. Street also entered into an employment contract with Frudemex, Inc. under which he became the chairman of the board and its chief executive officer.

---

[1] Mr. Street's resignation was finalized after August 1, 2005.

Frudemex, Inc. was later renamed American Trailer Industries, Inc. ("ATII"). ATII was wholly owned by the Trust.[2] Mr. Street remained in these offices until he resigned from his positions at ATII as of August 1, 2005.

While serving as trustee and in furtherance of the provisions of the Liquidating Trust Agreement, Mr. Street hired in 2004 Libra Securities, LLC ("Libra"), a middle market investment banking services company, to act as the broker and evaluate the potential sale of ATII's wholly owned subsidiary, Fruehauf de Mexico S.A. de C.V. ("FdM"). Mr. Harrow was the investment manager from Libra that worked on and was responsible for the matter.

In addition to acting as the broker of FdM for the Trust while working at Libra, Mr. Harrow also served as a committee member of the administrative committee for the Pension Transfer Corporation (the "PTC"). The PTC was the sponsor of the Fruehauf Trailer Employees Retirement Trust.

Effective August of 2005, Mr. Harrow replaced Mr. Street as Trustee of the Trust and chairman of the board and chief executive officer of ATII. Upon his resignation, Mr. Street turned over to the Trustee all documents and information in his possession relating to the Trust and its various related entities, including ATII.

**B.** **The Delaware Litigation**

On or about February 2, 2007, the Trustee commenced an adversary proceeding against Mr. Street in the Delaware Bankruptcy Court (the "Delaware Litigation") by filing a complaint. On April 5, 2007, the Plaintiffs filed an Amended Complaint that asserts 254 allegations consisting of thirteen claims for alleged breaches of fiduciary duties, breaches of contract, fraud and conversion that span an eight year time frame since 1998. *See* Exhibit A to the Affidavit of

---

[2] The shares of ATII were distributed to certain beneficial interest holders of the Trust in the Spring of 2007.

Scott G. Wilcox in Support of Memorandum of Law in Opposition to Plaintiffs Daniel W. Harrow and American Trailer Industries, Inc.'s Motion to Quash the Yahoo, Inc. Subpoena Duces Tecum and for Costs and Fees (the "Wilcox Aff."),

On July 2, 2007, Mr. Street filed the Answer and Affirmative Defenses of Chriss W. Street to Amended Complaint and Counterclaim of Chriss W. Street against Daniel W. Harrow, as Successor Trustee of The End of the Road Trust, and American Trailer Industries, Inc.

On July 20, 2007, Mr. Street filed the Amended Answer and Affirmative Defenses of Chriss W. Street to Amended Complaint and Counterclaim of Chriss W. Street against Daniel W. Harrow, as Successor Trustee of The End of the Road Trust, and American Trailer Industries, Inc. in which Mr. Street denied any liability for the claims asserted in the Amended Complaint, asserted various affirmative defenses and asserted various counterclaims against the Plaintiffs. *See* Exhibit B to Wilcox Aff.

In July of 2007, the parties began engaging in fact discovery in the Delaware Litigation. Mr. Street issued numerous discovery requests seeking to gain access to, *inter alia*, the documents and information he turned over to the Trustee at the time of his resignation relating to the Trust and its various related entities. Mr. Street also issued a number of third party subpoenas in an effort to obtain necessary discovery from related parties in order to defend against the Plaintiffs' claims and to prosecute his own claims.

Upon receipt of the documents requests, Plaintiffs contacted almost half of the third parties and instructed them to withhold the production of documents until a confidentiality order was entered into the Delaware Litigation. The parties ultimately entered into one confidentiality order and the Court ordered a second order. *See* Exhibit C and D to Wilcox Aff. Upon agreeing to be bound by the confidentiality orders, certain third parties produced documents. Many third

parties have failed to respond and Mr. Street has filed motions seeking to compel some the third parties to comply with the subpoenas.

During the course of discovery, Mr. Street has been forced to file no less than five motions seeking to compel Plaintiffs to comply with various orders entered by the Delaware Bankruptcy Court and with their obligations under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In addition, Mr. Street has been forced to defend against at least two motions for protective orders filed by Plaintiffs attempting to avoid their discovery obligations.

On August 27, 2007, the Delaware Bankruptcy Court ordered, *inter alia,* that Mr. Street is entitled to documents created both before and after his tenure as trustee (August 1, 2005) because "the amended complaint is wide ranging." *See* Exhibit E to Wilcox Aff. The Delaware Bankruptcy Court further ordered that Mr. Street is entitled to FdM documents. *Id.*

### C.     AT&T Subpoena

Based upon documents produced in discovery, Mr. Street determined that it was necessary to seek production of emails from Mr. Harrow's personal email account that, upon information and belief, was utilized by Mr. Harrow while performing services for the Trust and ATII, both prior to and after becoming Trustee and an officer of ATII. On or about February 13, 2008, Mr. Street served a subpoena duces tecum on AT&T Internet Services (the "AT&T Subpoena"). *See* Exhibit A to the Affidavit of Sarah Doerr in Support of Motion to Quash the Subpoena, and for costs and fees. The AT&T Subpoena seeks six well-defined categories of documents from Mr. Harrow's personal email account, including the categories of documents sought in the Yahoo Subpoena.,

On February 25, 2008, AT&T served Mr. Street with its objections and response to the AT&T Subpoena (the "AT&T Response"). *See* Exhibit F to Wilcox Aff. In the AT&T

Response, AT&T stated that it did not maintain the information that was sought in the AT&T Subpoena and that this information was maintained by Yahoo.

On March 3, 2008, Mr. Street and Plaintiffs held a meet-and-confer teleconference to discuss the AT&T Subpoena. During the call, Plaintiffs acknowledged receipt of the AT&T Response and AT&T's representation that it did not have any responsive documents in its possession and would therefore not be producing any documents in response to the AT&T Subpoena. Notwithstanding, Plaintiffs continued to demand that Mr. Street withdraw the AT&T Subpoena and filed a Motion to Quash the AT&T Subpoena in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("Texas Bankruptcy Court") on March 4, 2008. *See* Exhibit G to Wilcox Aff.

In a further effort to amicably resolve the dispute without wasting judicial resources, Mr. Street wrote to Plaintiffs on March 7, 2008, offering to withdraw the AT&T Subpoena if Plaintiffs agreed to withdraw the Motion to Quash. Ultimately, Plaintiffs withdrew the motion to quash but continued to request attorney's fees and costs. On April 22, 2008, the Texas Bankruptcy Court entered an order denying Plaintiffs' motion finding no basis for awarding attorney's fees or costs. *See* Exhibit H to Wilcox Aff.

D. **Yahoo Subpoena**

On or about March 24, 2008, Mr. Street served the Yahoo Subpoena. *See* Exhibit B to the Affidavit of Sarah Doerr in Support of Motion to Quash the Subpoena, and for Costs and Fees. The Yahoo Subpoena seeks four well-defined categories of documents from Mr. Harrow's personal email account that, upon information and belief, was utilized by Mr. Harrow while performing services for the Trust and ATII, both before and after becoming Trustee. Each of the document requests in the Yahoo Subpoena were drafted specifically to seek only documents

relevant to the claims, defenses and counterclaims in the Delaware Litigation. Each of the document requests were limited in temporal scope from 1998 to the present. *Id.*

Specifically, the Yahoo Subpoena seeks (1) documents regarding the Debtors' 401K plan, its pension plan, the PTC and the Pension Benefit Guaranty Company, (2) communications that include, as a sender or recipient or in the body or subject line of the electronic mail, certain specifically named individuals or entities that were either on the advisory committee to the Trust, were employees of the Trust or its related entities, or otherwise assisted or were involved with affairs of the Trust and ATII (including law firms and attorneys that were retained by the Trust and/or its related entities during Mr. Street's tenure as trustee), (3) communications that include, as a sender or recipient or in the body or subject line of the electronic mail, certain terms frequently used to describe the advisory committee to the Trust and its pension plan, the Trust and its related entities, and individuals or entities that otherwise assisted or were involved with affairs of the Trust and ATII and (4) communications between the current trustee and two news outlet and two reporters that have written articles about the Delaware Litigation that have been slated against Mr. Street. *See Id.*

On March 27, 2008, before receiving any response from Yahoo, Mr. Street received a letter from Plaintiffs demanding that the Yahoo Subpoena be withdrawn. *See* Exhibit C to the Affidavit of Sarah Doerr in Support of Motion to Quash the Subpoena, and for costs and fees. On March 31, 2008, Yahoo served Mr. Street with its objections and response to the Yahoo Subpoena (the "Yahoo Response").

On April 8, 2008, counsel for Plaintiffs left a message with counsel for Mr. Street seeking a meet-and-confer to discuss Plaintiffs' objections. Although Plaintiffs state that they did not receive a response from Mr. Street as of the filing of the Motion to Quash (Motion to Quash, p.

6), on April 11, 2007, at 5:16 p.m. (EDT), Mr. Street sent Plaintiffs an e-mail refusing to withdraw the Yahoo Subpoena because there was no legal basis to do so. *See* Exhibit I to Wilcox Aff.. On that same day, at 5:20 p.m. (EDT), counsel for Mr. Street sent an e-mail to counsel for Plaintiffs advising of his availability for a meet-and-confer.[3] *See* Exhibit J to Wilcox Aff.

On April 11, 2008, instead of setting up a meet-and-confer, Plaintiffs filed the Motion to Quash. Plaintiffs challenge the Yahoo Subpoena because it allegedly: (i) seeks privileged communications (Argument II); (ii) seeks competitively sensitive and highly confidential business communication (Argument III); (iii) is unduly burdensome, overbroad and duplicative; and (iv) seeks private, personal communications in violation of Mr. Harrow's rights the Electronic Stored Communications Act ("SCA").

---

[3] According to the docket, the Motion to Quash was filed at 3:33 p.m. (PDT). (D.I. 1) Therefore, Plaintiffs had notice of Mr. Street's position on the request to withdraw the Yahoo Subpoena and on setting up a meet-and-confer before they filed the Motion to Quash.

# ARGUMENT

## I. PLAINTIFFS LACK STANDING TO SEEK TO QUASH THE YAHOO SUBPOENA

A party generally can only assert its own legal rights and interests, and cannot rest its claim to relief on the legal rights or interests of third parties. *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004). Thus, a party to litigation lacks standing to challenge a subpoena issued to a non-party unless the party has a personal right or privilege to the materials subpoenaed. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

The Motion to Quash is an improper attempt by Plaintiffs to assert the individual rights of Mr. Harrow. The title of the first argument recognizes this fact- "Mr. Harrow Has Standing to Move to Quash the Yahoo! Subpoena." Motion to Quash, p. 6. Plaintiffs argue that "Mr. Harrow claims both a personal right and a privilege in the documents sought by the Subpoena." *Id.* And that "the e-mails sought in the Subpoena implicate Mr. Harrow's personal privacy rights in the communications sent to and from his personal e-mail account." *Id.*

The Yahoo Subpoena seeks communications from Mr. Harrow's personal email account. Therefore, any personal privacy rights allegedly violated, which Mr. Street disputes, belong to Mr. Harrow in his individual capacity.[4] Mr. Harrow has his own private counsel who issued an objection to the Delaware Litigation and in response AT&T Subpoena *See* Exhibit K to Wilcox Aff. Plaintiffs, as parties to the Delaware Litigation, cannot assert Mr. Harrow's individual rights as a basis to quash the Yahoo Subpoena. *See Kowalski v. Tesmer, supra.* Thus, Plaintiffs

---

[4] Even if Mr. Harrow individually asserted his privacy rights, such a challenge would fail. Upon information and belief, Mr. Harrow used the email account subject to the Yahoo Subpoena while performing services for the Trust and its related entities before and after he served as Trustee of the Trust and the Yahoo Subpoena is narrowly tailored to seek only those relevant communications.

have failed to establish a legal right to challenge the Yahoo Subpoena and the Motion to Quash must be denied.

Moreover, as discussed in more detail below, any challenge by Plaintiffs to the Yahoo Subpoena based upon their own claim of privilege or that the communications sought are competitively sensitive and highly confidential business communications must fail. Mr. Street was trustee of the Trust and an officer of ATII from 1998 until 2005. Therefore, any documents produced during this period would not be subject to a claim of privilege. Moreover, the Confidentiality Orders in place in the Delaware Litigation would protect any competitively sensitive or confidential business communications.

Finally, Plaintiffs concede that the right to challenge the Yahoo Subpoena on the basis that it seeks private and personal communications in violation of the SCA rests solely with Mr. Harrow. Motion to Quash, p. 13 ("If Yahoo! were to comply with the Subpoena, Mr. Harrow would have a cause of action against Yahoo! for violation of the SCA."). Again, this right is maintained by Mr. Harrow and not Plaintiffs.

Based on the foregoing, the Motion to Quash should be denied because Plaintiffs lack the authority to assert the individual rights of Mr. Harrow and lack a personal right or privilege to have standing to challenge the Yahoo Subpoena.

## II. THE YAHOO SUBPOENA IS NARROWLY TAILORED.

Plaintiffs make the unsupported argument that "the information sought is, by definition, duplicative of the information sought through subpoenas issued to those other parties to the communication." Motion to Quash, p. 12. Plaintiffs have provide no evidence that the information requested in the Yahoo Subpoena has been produced by a third party. In fact, several third parties have not responded at all to subpoenas issued to them by Mr. Street. Additionally, even if a document is requested from one party to a

communication, a party is not prevented from requesting the same document from another party or third-party. All of the parties may not have retained the communication, there may be several versions of the communication, etc. Thus, it is completely permissible to seek the same documents from several parties.

Plaintiffs also challenge the Yahoo Subpoena alleging that it sets forth an impossible task for Yahoo to handle, places undue financial burden on Yahoo and implicates Mr. Harrow's personal rights. Motion to Quash, p. 12. Plaintiffs, however, lack standing to assert the rights of Yahoo and of Mr. Harrow in response to the Yahoo Subpoena. Moreover, the Yahoo Subpoena is narrowly tailored to identify specific entities and persons so as to make any search and review conducted by Yahoo easily manageable.

### III. THE YAHOO SUBPOENA DOES NOT SEEK PRIVILEGED COMMUNICATIONS

Plaintiffs challenge the Yahoo Subpoena based upon a claim of privilege alleging that it seeks documents from six law firms and eight attorneys but does not provide Yahoo with the ability to withhold these documents from production. *See* Motion to Quash, at 7. This argument is a red herring.

The Yahoo Subpoena is narrowly tailored to only request communications that include attorneys and law firms that provided services to the Trust or ATII while Mr. Street acted as the trustee and an officer of ATII and does not seek communications that include the Trust's or ATII's counsel since the end of Mr. Street's tenure. Thus, any documents produced during this period would not be privileged. Furthermore, any document from 1998 to 2005 that Mr. Harrow sent or received would not be privileged because he was a third party during this time period.

Moreover, Mr. Harrow concedes in his affidavit filed in support of the Motion to Quash that he only began communicating with his counsel using his personal email at issue in the

Case: 08-00503    Doc# 3    Filed: 05/09/08    Entered: 05/13/08 08:47:34    Page 14 of 18

Yahoo Subpoena on January 1, 2008. *See* Affidavit of Daniel W. Harrow in Support of Motion to Quash the Subpoena. Therefore, any privileged communications between the Trustee and counsel would be limited to January 1, 2008. to the present.

Plaintiffs also argue that the Yahoo Subpoena is an attempt by Mr. Street to circumvent an order issued in the Delaware Litigation. Motion to Quash, p. 8. This is incorrect. The order referenced is a limitation on Plaintiffs' obligation to produce a privilege log for documents created after February 2, 2007. *See* Exhibit D, p. 33 to Affidavit of Sarah Doerr in Support of Motion to Quash the Subpoena, and for costs and fees. The Order does not limit Plaintiffs' obligation to produce relevant documents created after February 2, 2007, or documents produced by third parties.

### IV. PLAINTIFFS PRESENT NO EVIDENCE THAT RESPONSIVE DOCUMENTS MAY CONTAIN COMPETITIVELY SENSITIVE AND **HIGHLY CONFIDENTIAL BUSINESS COMMUNICATIONS.**

Plaintiffs suggest that the Yahoo Subpoena seeks to require Yahoo to produce hundreds, if not thousands, of documents that may contain competitively sensitive and highly confidential business communications. Motion to Quash, p. 9. Similarly, this argument is a red herring.

The Yahoo Subpoena is very narrowly tailored to obtain documents relevant to the Delaware Litigation, including documents relating to the Trust and its related entities. The only documents that could arguably contain competitively sensitive or highly confidential matters would those relating to Plaintiff ATII's wholly owned subsidiary, FdM. The Delaware Bankruptcy Court has already ruled that "the amended complaint [in the Delaware Litigation] is wide ranging, with 254 paragraphs addressing 14 separate counts" and held that documents from FdM are discoverable. *See* Exhibit E to Wilcox Aff.. In addition, in order to protect any proprietary information produced in discovery, two separate confidentiality orders have been

entered in the Delaware Litigation. See Exhibits C and D to Wilcox Aff.. The parties have extended the confidentiality orders to third parties so that any documents requested that may contain sensitive or proprietary are also kept confidential. Accordingly, even assuming there are documents that contain competitively sensitive and highly confidential business communications, they are require to be produced and are protected under the confidentiality orders.

## V. THE ELECTRONIC STORED COMMUNICATIONS ACT DOES NOT SERVE AS A BASIS TO QUASH THE SUBPOENA

The SCA provides a cause of action against a <u>provider</u> of electronic communication services who knowingly accesses electronic communications without the authorization of the <u>user</u>. 18 U.S.C. § 2701(a)(1) (emphasis added). Accordingly, as Plaintiffs recognize in the Motion to Quash, the SCA arguably provides Mr. Harrow with a potential cause of action against Yahoo. Motion to Quash, p. 13 ("If Yahoo! were to comply with the Subpoena, Mr. Harrow would have a cause of action against Yahoo! for violation of the SCA."). The SCA does not, however, provide Plaintiffs with a cause of action against Mr. Street and is not a basis to quash the Yahoo Subpoena.

## VI. PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES OR COSTS

Plaintiffs claim that they are entitled to attorney's fees and costs because Mr. Street failed to respond to Plaintiffs' objections to the Yahoo Subpoena and request for a meet-and-confer therefore demonstrating his alleged intentions when issuing the Yahoo Subpoena to "harass and distract *counsel for Mr. Harrow*." Motion to Quash, p. 14. As discussed above, Plaintiffs lack standing to assert Mr. Harrow's individual rights. Moreover, Plaintiffs misrepresent the facts. Mr. Street responded to Plaintiffs' objections and request for a meet-and-confer prior to the filing

of the Motion to Quash. *See* Exhibit I to Wilcox Aff. 4/11/08 emailed attaching letter (sent at 5:16 EDT) and Exhibit J to Wilcox Aff. email of 4/11/08 (sent at 5:20 EDT). Plaintiffs chose to ignore both pieces of correspondences and instead filed the Motion to Quash at 3:33 p.m. PDT (7:33 p.m. EST). Plaintiffs have present no evidence to justify an award of fees or costs. As noted herein, the Yahoo Subpoena was very narrowly tailored to only obtain documents relevant to the Delaware Litigation. As such, Plaintiffs' request for attorneys' fees and costs should be denied.

## **CONCLUSION**

For the aforementioned reasons, Chriss W. Street respectfully requests that the Court enter an order denying Plaintiffs Motion to Quash the Yahoo Subpoena.

Dated: May 8, 2008

---

Phillip Greer, Esquire
Law Offices of Phillip Greer, Esquire
1300 Bristol Street North, Suite 100
Newport Beach, California 92660
(949) 640-8911

OF COUNSEL:

BAYARD, P.A.
Neil B. Glassman (No. 2087)
Charlene D. Davis (No. 2336)
Ashley B. Stitzer (No. 3891)
Scott G. Wilcox (No. 3882)
222 Delaware Avenue
Wilmington, Delaware 19899
(302) 655-5000


Attorneys for Chriss W. Street